[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 06-11960
Non-Argument Calendar

_____

D. C. Docket No. 05-00394-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 14, 2006)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Marco Antonio Hernandez appeals his concurrent 151-month

sentences for conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii); and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On appeal, Hernandez asserts that the district court clearly erred in denying him a minor role reduction and his sentences were unreasonable.

First, Hernandez argues that he was entitled to a minor role reduction as he was only a cook and not an integral member of the smuggling boat's crew. A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. *United States v. Rodriguez DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a role reduction. *Id.* at 939. The standards for reviewing the application of the Guidelines before the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), decision apply after *Booker* as well. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the

2

sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*." *Id.* at 1178-79 (citation omitted).

The Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of the group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5). Moreover, when a defendant is convicted under 21 U.S.C. § 960(b)(1) and he is entitled to a mitigating-role adjustment under U.S.S.G. § 3B1.2, then his base offense may be reduced by 4 levels if his base offense level is 38 based on drug quantity. U.S.S.G. § 2D1.1(a)(3).

To determine whether a defendant is entitled to a mitigating-role reduction, the district court first must measure the defendant's role in the offense against the relevant conduct for which he has been held accountable. *DeVaron*, 175 F.3d at 940. Next, the court may compare the defendant's culpability to that of other participants in that relevant conduct. *Id*. at 944. The district court may consider

other participants in the offense, but "only to the extent that they are identifiable or discernable from the evidence." *Id.* "The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs involved; (2) the fair market value of the drugs involved; (3) the amount of compensation received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs. *Id.* at 945.

After reviewing the record, we conclude that the district court correctly found that the relevant conduct for which Hernandez was held accountable was the conspiracy to possess with intent to distribute and the possession with intent to distribute 2,012 kilograms of cocaine, a very large amount of drugs. The district court correctly assessed Hernandez's role in connection with this scheme, and not in connection with any larger conspiracy. In assessing his role as it relates to the other crew members, though the captain would have a significant role in the vessel's transportation of drugs, Hernandez put forth no evidence that the other eight crew members were more involved in the venture than he was. Though Hernandez now asserts that he was a mere cook, he did not make such an assertion before the district court. He even admitted he was a seaman by trade. Thus

Hernandez does not qualify for a minor role reduction and the district court's finding that he is not entitled to a reduction was not clearly erroneous. Accordingly, we affirm on this issue.

Secondly, Hernandez argues that his sentences were unreasonable. Sentences imposed under an advisory guidelines system are reviewed for "unreasonableness." *Booker*, 543 U.S. at 261, 125 S. Ct. at 765. Following the *Booker* decision, we have stated that the district court must first correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. *Crawford*, 407 F.3d at 1179. The § 3553(a) factors include the available sentences, the applicable Guideline range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a); *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "[N]othing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a)

5

factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." *Id.* A sentence within the advisory guidelines range is not *per se* reasonable, but is expected to be reasonable. *See id.* at 787-88. We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-*Booker* sentences to indicate that it considered the factors, and concluded that the defendant's sentence was reasonable because the district court accurately calculated the Guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. *See Scott*, 426 F.3d at 1330.

We conclude from the record that Hernandez's sentences were reasonable. The district court stated that it considered the § 3553(a) factors and sentenced Hernandez to the lowest sentence of the Guidelines range that it calculated. Hernandez's sentences were within the applicable Guidelines range, a range that takes into consideration his offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. Further, Hernandez has failed to put forth any evidence showing his sentences were unreasonable. Therefore, we

affirm Hernandez's sentences.

**AFFIRMED.**